[Cite as *In re J.B.C.*, 2016-Ohio-1609.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:


J.B.C.


MINOR CHILD

JUDGES:
Hon. John W. Wise, P. J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 2016 CA 00003

O P I N I O N


CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2013 JCV 01121

JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: April 18, 2016


APPEARANCES:

For Plaintiff-Appellee

JAMES B. PHILLIPS
QUAY COMPTON
SCJFS
221 Third Street, SE
Canton, Ohio 44702

For Defendant-Appellant

BERNARD L. HUNT
2395 McGinty Road, NW
North Canton, Ohio 44720

*Wise, P. J.*

**{¶1}** Appellant-Mother A.C. appeals the judgment of the Stark County Common Pleas Court, Juvenile Division, awarding permanent custody of her son J.B.C. to Appellee Stark County Department of Job and Family Services.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant A.C. is the biological mother of J.B.C., born May 22, 2012. Appellee Stark County Department of Job and Family Services (SCJFS) initially became involved with Appellant and J.B.C. when Appellant arrived at a local emergency room with burns consistent with the possible production/manufacturing of methamphetamine.

**{¶3}** A search of Appellant's home found no evidence of drug production. However the home was found to be in deplorable condition. (T. at 8).

**{¶4}** On November 4, 2013, an emergency shelter care hearing was held where the trial court found probable cause for the involvement of SCJFS and placed J.B.C. and his brother Z.B.C. in the emergency temporary custody of the SCJFS.

**{¶5}** On November 26, 2013, the trial court found the children to be dependent and placed them into the temporary custody of SCJFS. The trial court approved and adopted the case plan and found that SCJFS had made reasonable efforts to prevent the need for continued removal of the children from the home.

**{¶6}** On April 9, 2014, the trial court reviewed the case. The trial court approved and adopted the case plan review packet and maintained status quo.

**{¶7}** On September 30, 2014, the trial court again reviewed the case. The trial court approved and adopted the case plan review packet and maintained status quo.

**{¶8}** On October 2, 2014, SCJFS filed a motion seeking permanent custody of the children.

**{¶9}** On November 21, 2014, Father, through his counsel, filed a Motion to Extend Temporary Custody.

**{¶10}** On December 2, 2014, the trial court heard evidence on SCJFS's motion seeking permanent custody of the children. Mother, through counsel, made an oral motion at the hearing to Extend Temporary Custody. The trial court denied the SCJFS motion for Permanent Custody and granted a Temporary Custody Extension until May 3, 2015.

**{¶11}** On March 27, 2015, the trial court again reviewed the case. The trial court approved and adopted the case plan review packet and maintained status quo.

**{¶12}** On March 30, 2015, SCJFS filed a second motion seeking permanent custody of the children.

**{¶13}** On June 8, 2015 Father, through his counsel, filed a Motion to Extend Temporary Custody.

**{¶14}** On June 9, 2015 Mother, through counsel, filed a Motion to Extend Temporary Custody.

**{¶15}** On September 24, 2015, the trial court again reviewed the case. The trial court approved and adopted the case plan review packet and maintained status quo.

**{¶16}** On September 30, 2015 SCJFS filed a third motion seeking permanent custody of the children.

**{¶17}** On December 14, 2015, the trial court heard evidence on SCJFS's third motion seeking permanent custody of the children.

**{¶18}** At the permanent custody hearing, SCJFS presented evidence regarding Appellant and the children. (T. at 3-72). SCJFS caseworker Amy Craig testified for SCJFS. (T. at 5-33, 49-60). Caseworker Craig testified that the complaint in this matter was filed on November 4, 2013, and the child was found to be dependent on November 26, 2013. (T. at 8). The child at issue was placed into the temporary custody of the SCJFS on November 26, 2013. *Id.* As of the date of the permanent custody trial, the child had been in the temporary custody of the SCJFS in excess of 12 of the last 22 months. (T. at 9).

**{¶19}** Caseworker Craig further testified that Appellant had not consistently complied with her counseling at Community Services. (T. at 11). Appellant attended only four (4) counseling appointments and cancelled the remainder. (T. at 11). Appellant had been told at the review hearing held in September that full attendance was required at her service providers in order for her to successfully comply with the case plan. *Id.* Despite that warning, Appellant continued to miss counseling appointments.

**{¶20}** Appellant was informed that full attendance at J.B.C.'s medical and service provider appointments was needed to demonstrate that the parents could attend them on their own. (T. at 13). J.B.C. has special needs and receives both physical therapy and speech therapy every week. *Id.* Appellant failed to attend those appointments on a consistent basis. *Id.* Appellant attended only one (1) speech therapy session and five (5) physical therapy sessions since October 1, 2015. *Id.* Appellant consistently made excuses for why she missed the medical appointments. *Id.*

**{¶21}** Mrs. Craig also testified that Appellant was inconsistent with visitation. (T. at 14).

**{¶22}** On the date of the permanent custody trial, the parent's home was infested with bedbugs despite SCJFS paying six times for an exterminator to come to their home. (T. at 15).

**{¶23}** Mrs. Craig testified that Appellant had not successfully completed case plan services so the child could be returned home, and the child would be at risk if returned to the Appellant. *Id.*

**{¶24}** During the best interest portion of the hearing. Mrs. Craig testified that J.B.C. is placed in a foster home with his brother. (T. at 51). J.B.C. has special needs and is borderline in many areas. (T. at 52). J.B.C. has challenges with social communication and interactions. *Id.* J.B.C. lacks muscle tone and strength. *Id.* He requires multiple prompts to complete one step instructions. *Id.* He has been engaged in multiple services since being placed in foster care. *Id.* While he still struggles with these issues, he has made great improvements since being in foster care. *Id.* Mrs. Craig testified that J.B.C. is like a different child as far as speech is concerned. *Id.* He is going to be reevaluated for autism by a developmental pediatrician. (T. at 53). Mrs. Craig stated that while the current foster parents are not interested in adopting, she knew of no reason the child could not adapt to a new adoptive home. (T. at 51).

**{¶25}** Finally, Mrs. Craig testified that the child had been in the custody of SCJFS for two (2) years as of the date of the permanent custody hearing. (T. at 53). She further testified that while there is a bond between the child and Appellant, the benefit of permanent custody outweighed any harm that might be caused by breaking that bond. (T. at 54). Appellant had not demonstrated that she could meet the needs of the child,

and the child deserved permanency. *Id.* Mrs. Craig testified that she believed that granting permanent custody was in the child's best interest. *Id.*

**{¶26}** Appellee SCJFS also presented the report of the Guardian-ad-Litem, which supported the granting of permanent custody as being in the best interest of the child. (T. at 68).

**{¶27}** On December 15, 2015, the trial court issued its findings of fact granting permanent custody of the children to SCJFS and terminating Appellant's parental rights.

**{¶28}** Appellant-mother now appeals, assigning the following errors for review:

ASSIGNMENTS OF ERROR

**{¶29}** "I.  THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY OF [J.B.C.] TO THE STARK COUNTY DEPARTMENT OF JOBS AND FAMILY SERVICES BECAUSE THE DETERMINATION THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE

**{¶30}** "II. THE TRIAL COURT ERRED IN FINDING THAT PERMANENT CUSTODY OF [J.B.C.] TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE IT'S DETERMINATION THAT THE BEST INTEREST OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I.

**{¶31}** Appellant argues that the court's finding that J.B.C. could not be placed with her within a reasonable period of time was against the manifest weight and sufficiency of the evidence.

**{¶32}** Appellant argues that SCJFS failed to assist her in completing her case plan in a timely manner. She further argues that she had a stable place to live, attended Quest and Northeast Behavioral Health and Goodwill Parenting classes with perfect attendance, and that she graduated with certificates of participation. Additionally, she maintains that she participated in domestic violence education.

**{¶33}** Appellant claims that she did not receive any services that were specifically tailored to her particular mental limitations. She further claims that she was unable to attend all of her case plan services because she did not have an automobile.

**{¶34}** A trial court's decision to grant permanent custody of a child must be supported by clear and convincing evidence. The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954); *In re: Adoption of Holcomb,* 18 Ohio St.3d 361, 481 N.E.2d 613 (1985).

**{¶35}** In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel,* 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60 (1990); *See also, C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements

of the case," a reviewing court may not reverse that judgment. *Schiebel,* 55 Ohio St.3d at 74, 564 N.E.2d 54.

**{¶36}** Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." *Id.* Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in *Seasons Coal Co. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

**{¶37}** Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger,* 77 Ohio St.3d 415, 419, 674 N.E.2d 1159 (1997); *see, also*, *In re: Christian,* 4th Dist. Athens App. No. 04CA10, 2004–Ohio–3146; *In re: C. W.,* 2nd Dist. Montgomery App. No. 20140, 2004–Ohio–2040.

**{¶38}** Pursuant to §2151.414(B), the court may grant permanent custody of a child to the movant if the court determines "that it is in the best interest of the child to grant permanent custody to the agency that filed the motion for permanent custody and that any of the following apply:

(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or

private child placing agencies for twelve or more months of a consecutive twenty-two month period, ... and the child cannot be placed with either of the child's parents within a reasonable period of time or should not be placed with the child's parents.* * *

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

{¶39} Revised Code §2151.414(E) sets forth the factors a trial court must consider in determining whether a child cannot or should not be placed with a parent within a reasonable time. If the court finds, by clear and convincing evidence, the existence of any one of the following factors, "the court shall enter a finding that the child cannot be placed with [the] parent within a reasonable time or should not be placed with either parent":

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parent to remedy the problem that initially caused the child to be placed outside the home, the parents have failed continuously and repeatedly to substantially remedy the conditions that caused the child to be placed outside the child's home. In determining whether the parents

have substantially remedied the conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.* * *

(16) Any other factors the court considers relevant.

**{¶40}** In the case *sub judice*, the trial court found by clear and convincing evidence that the child had been in the temporary custody of a public children services agency for twelve or more months of a consecutive twenty-two month period pursuant to R.C. §2151.414(B)(1)(d). Appellant does not challenge the trial court's finding. This finding alone, in conjunction with a best-interest finding, is sufficient to support the grant of permanent custody. *In re Calhoun,* 5th Dist. No. 2008CA00118, 2008–Ohio–5458, ¶ 45.

**{¶41}** Further, the trial court's finding that J.B.C. could not be placed with Appellant within a reasonable period of time was not against the manifest weight or sufficiency of the evidence. As set forth above, the caseworker testified that Appellant failed to comply with her counseling services, failed to attend J.B.C.'s medical and service provider appointments, and failed to consistently visit J.B.C. Further, despite SCJFS sending an exterminator to the home on six (6) occasions, the home was still infested with bedbugs. The trial court's finding that Appellant failed to successfully complete her case plan, and that J.B.C. would be at risk if he were to be returned to Appellant-mother is not against the manifest weight or sufficiency of the evidence.

**{¶42}** The First Assignment of Error is overruled.

II.

**{¶43}** In her Second Assignment of Error, Appellant argues that finding that permanent custody was in the best interest of J.B.C. was against the manifest weight and sufficiency of the evidence.

**{¶44}** In determining the best interest of the child at a permanent custody hearing, R.C. §2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

**{¶45}** The trial court recognized that Appellant and J.B.C. shared a bond. However, the court found that the child's interest in permanency outweighed the detriment of severing this bond. The evidence demonstrated that J.B.C. has made great improvements while in foster care. The caseworker testified that as far as speech was concerned, J.B.C. was like a different child. Further, Appellant has failed to demonstrate that she can meet J.B.C.'s special needs. Additionally, the report of the guardian ad litem recommended that permanent custody be granted to Appellee.

**{¶46}** Based on the foregoing, we find that the trial court's finding that permanent custody was in the best interest of J.B.C. was supported by the evidence.

**{¶47}**  The Second Assignment of Error is overruled.

**{¶48}**  For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


JWW/d 0405